URI.15048

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND DIVISION

| | | |
|---|---|---|
| **ANNIE KATHRYN ZITRON** | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO.** |
| | § | |
| **UNITED RENTALS (NORTH** | § | **7:22-cv-00101** |
| **AMERICA), INC.** | § | |
| **Defendant** | § | |

### NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1332, Defendant UNITED RENTALS (NORTH AMERICA), INC. ("United Rentals"), by and through its undersigned attorneys, gives notice of removal of the above-captioned action from the County Court at Law No. 2, Midland County, Texas, to the United States District Court for the Western District of Texas, Midland Division. In support of this Notice of Removal (this "Notice"), Defendant United Rentals further states that:

### I. INTRODUCTION

1.      On or about  March 23, 2022, Plaintiff ANNIE KATHRYN ZITRON commenced the above-captioned action against UNITED RENTALS (NORTH AMERICA), INC. through her filing of Plaintiff's Original Petition (the "Petition") in the County Court at Law No. 2, Midland County, Texas, captioned as *Annie Kathryn Zitron v. United Rentals (North America), Inc.*, Cause No. CC24151. On or about March 29, 2022, United Rentals was served with Citation and a copy of the Petition. This lawsuit is a civil action within the meaning of the Acts of Congress, relating

to the removal of civil actions. See 28 U.S.C. §§ 1441, 1446. 2. This Notice is filed timely, pursuant to 28 U.S.C. § 1446(b), because it is filed within thirty (30) days of March 29, 2022, the date on which United Rentals was served with a copy of the Petition. No previous notice of removal has been filed or made with this Court for the relief sought herein.

## II. BASIS FOR REMOVAL

4.      Removal is proper under 28 U.S.C. § 1441. It is a civil action brought in state court and the District Courts of the United States have original jurisdiction over this action under 28 U.S.C. § 1332, since the plaintiff and the defendant are diverse in citizenship. This action is removable to this Court pursuant to the provisions of 28 U.S.C. §1441(b) because Plaintiff is a citizen of the State of Texas and Defendant is a corporation organized under the laws of Delaware, with its principal place of business in Connecticut. A corporation, such as United Rentals, is deemed to be a "citizen" of the state where it maintains its principal place of business and the state of its incorporation.[1] Therefore, Defendant is a citizen of the states of Delaware and Connecticut, the principal place of business and the state of incorporation of United Rentals (North America), Inc.

5.      The amount in controversy in this action, exclusive of interest and costs, is that Plaintiff seeks monetary relief of not more than $250,000. *See* Plaintiff's Original Petition, paragraph 3.[2] Plaintiff's seemingly contradictory statement as to damages in paragraph 4 of Plaintiff's Original Petition is not sufficient to constitute a stipulation to the maximum amount of damages. In fact, Plaintiff specifically leaves open the availability for her to seek an award in this matter for up to $250,000, for past and future damages that includes not only claims for medical expenses and pain and suffering, but also for such damages as impairment, physical disfigurement

---

[1] *See* §1332(c)(1); *see also, Hertz Corp. v. Friend*, 559 U.S. 77. 130 S.Ct. 1181, 1185-86 (2010).
[2] *See* Plaintiff's Original Petition attached.

and loss of earning capacity, while expressly stating that she is reserving the right to amend that statement of relief, which could be an even greater amount.[3]

6.      The United States District Court for the Western District of Texas, Midland division, embraces Midland County, the place where the state court action was filed, and is pending in the County Court at Law No.2 of Midland County, Texas. This statement is not meant as a waiver of any argument that venue is improper in the location in which the state court action was filed, but merely demonstrates the propriety of removing the action to this federal judicial district.

7.      All pleadings, process, orders, served upon Defendant in the state court action are attached to this Notice as Exhibit "A" as required by 28 U.S.C. § 1446(a). No other motions are pending before the state court.

8.      Defendant will promptly file a copy of this Notice with the clerk of the state court in which the action is pending.

### III. <u>REQUEST FOR JURY TRIAL</u>

9.      Defendant hereby demands a trial by jury in accordance with the provisions of FED. R. CIV. P. 38.

WHEREFORE, PREMISES CONSIDERED, Defendant United Rentals (North America) Inc., respectfully requests that this action be immediately and entirely removed upon filing of this Notice of Removal to the United States District Court for the Western District of Texas, Midland Division, and for such other and further relief to which they may show themselves to be justly entitled in equity or law.

Dated: April 28, 2022

---

[3] *See Id.* at ¶ 3, 11 and the prayer.

Respectfully Submitted,

*/s/ Jeff C. Wright*

_____

JEFF C. WRIGHT
SBN: 24008306
jwright@feesmith.com
FEE, SMITH, SHARP & VITULLO, L.L.P
Three Galleria Tower
13155 Noel Rd., Suite 1000
Dallas, TX 75240
(972) 934-9100
(972) 934-9200 – Fax

**ATTORNEY FOR DEFENDANT**

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on this the 28th day of April, 2022, a true and correct copy of the foregoing Notice of Removal was filed electronically and served on counsel of record:

Brian Merka
Benjamin C. Kennedy
Kennedy & Merka, PLLC
19 Briar Hollow Lane, Ste. 101
Houston, TX  77027

*/s/ Jeff C. Wright*

_____

JEFF C. WRIGHT